UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

VANESSA SANDFORD,

               Plaintiff,

       -against-

PAULINA GANHITO; ELIZABEITH
GRONER; ENAS MOUSA; KIARA
ESPINOSA,

            Defendants.

1:25-CV-6052 (LTS)

TRANSFER ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Vanessa Sandford, of Roosevelt, Nassau County, New York, filed this *pro se* action invoking the court's federal question jurisdiction and specifically invoking the "Federal Law Railway Labor Act (45 U.S.C. 151 – 188)." (ECF 1, at 2.) Named as defendants are: (1) Paulina Ganhito, a customer service agent and a union representative; (2) Elizabeth Groner, a customer service team leader and a union representative; (3) Enas Mousa, a customer service team leader; and (4) Kiara Espinosa, a ramp service agent. (*Id.* at 4-5.) Plaintiff alleges that the events that are the bases for her claims occurred at the Newark Liberty International Airport, and she seeks damages. (*Id.* at 5-6.) For the reasons set forth below, the Court transfers this action to the United States District Court for the District of New Jersey.

## DISCUSSION

The applicable venue provision for Plaintiff's claims can be found at 28 U.S.C. § 1391(b), which provides that, unless otherwise provided by law, a federal civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if

there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). For venue purposes, a "natural person" resides in the judicial district where the person is domiciled, and any other entity "with the capacity to sue and be sued," if a defendant, resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. § 1391(c)(1), (2).

Plaintiff alleges that all of the defendants work at the same location in Elizabeth, New Jersey (ECF 1, at 4-5), but she does not allege where any of the defendants reside, let alone that all of them reside within the State of New York and that at least one of them resides within this judicial district.[1] Thus, it remains unclear that this court is a proper venue for this action under Section 1391(b)(1).

Plaintiff does allege, however, that the events that are the bases for her claims occurred at the Newark Liberty International Airport (*id.* at 5), which lies within the State of New Jersey; that State constitutes one judicial district, the District of New Jersey, *see* 28 U.S.C. § 110. She alleges nothing to suggest that a substantial part of the alleged events took place within this judicial district. Thus, while it is not clear at all that this court is a proper venue for this action under Section 1391(b)(2), it is clear that the United States District Court for the District of New Jersey is a proper venue for this action under that provision.

Under 28 U.S.C. § 1404(a), even if a civil action is filed in a federal district court where venue is proper, a court may transfer the action to any other federal district court where it might

---

[1] This judicial district, the Southern District of New York, is comprised of the following New York State counties: (1) New York (New York City Borough of Manhattan); (2) Bronx (New York City Borough of the Bronx); (3) Westchester; (4) Dutchess; (5) Rockland; (6) Orange; (7) Putnam; and (8) Sullivan. *See* 28 U.S.C. § 112(b).

have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). In determining whether transfer is appropriate, courts consider the following ten factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 458-59 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge N. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors).

Under Section 1404(a), transfer appears to be appropriate for this action. Because Plaintiff alleges that a substantial part, if not all of the events giving rise to her claims occurred within the District of New Jersey, it is reasonable to expect that relevant documents and witnesses would also be located within that judicial district. The United States District Court for the District of New Jersey, which is a proper venue for Plaintiff's claims under Section 1391(b)(2), therefore, appears to be a more convenient forum for this action. Accordingly, the Court transfers this action to that court. *See* § 1404(a); *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) ("District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis.").

## CONCLUSION

The Court directs the Clerk of Court to transfer this action to the United States District Court for the District of New Jersey. Whether Plaintiff should be permitted to proceed further

without prepayment of fees is a determination to be made by the transferee court. Summonses shall not issue from this court. This order closes this action in this court.

The Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:    September 12, 2025
          New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge